183 So.2d 261 (1966)
William K. HOWELL, Appellant,
v.
Thelma H. HOWELL, Appellee.
No. 6045.
District Court of Appeal of Florida. Second District.
February 4, 1966.
Rehearings Denied February 24 and March 2, 1966.
*262 John A. Sutton, of Sutton & Brown, Orlando, for appellant.
C. Arthur Yergey, of Yergey & Yergey, Orlando, for appellee.
MORROW, R.O., Associate Judge.
This is a timely interlocutory appeal from an order allowing attorneys' fees to the wife in post-decretal proceedings in a divorce action.
The parties were divorced in 1959. In 1963 the husband petitioned for modification of the Final Decree, which petition was denied upon motion by the wife. The husband appealed to this Court, which affirmed the lower Court. Howell v. Howell, Fla.App., 164 So.2d 231. Certiorari was denied by the Florida Supreme Court. The wife then filed in the lower Court a motion for rule to show cause against the husband for his failure to conform to the provisions of the Final Decree. The husband filed a return and also a motion to quash, neither of which has been disposed of by the chancellor. In the wife's motion for rule to show cause she included an application for attorneys' fees. Thereafter the parties entered into the following stipulation with reference to attorneys' fees:
"IT IS HEREBY STIPULATED by and between the undersigned counsel for the respective parties in this cause that in the event the above Plaintiff, Thelma K. Howell, is entitled to an allowance of attorney's fees from the Defendant, William K. Howell, for the services of her attorney in any of the proceedings in this cause subsequent to the entry of the Final Decree of Divorce herein under applicable law and Court rules of the State of Florida that the Honorable Circuit Judge may exercise his own experience and discretion without benefit of expert testimony in fixing the amount of any such allowance."
*263 Pursuant to said stipulation the Chancellor entered the following order, which is the subject matter of this appeal:

"ORDER ALLOWING ATTORNEYS FEES
"The Plaintiff, through her attorneys, filed her motion for a rule to show cause alleging among other things, that the Defendant was indebted to the plaintiff for outlays of cash as disclosed by the orders appearing of record in this court, for the fees of the officers of this court, and also for attorney's fees for the services of Plaintiff's attorneys rendered in resisting all of the proceedings described in the amended motion for rule to show cause, all of which were the direct result of the Defendant's application for modification of the final decree made and entered in this cause, which services included:
"a. Resisting Defendant's application to modify the decree, which application was, by the order of this court, on April 5, 1963, denied.
"b. Resisting the petition for rehearing, which entailed further argument of counsel and the submission of briefs, by both sides, which petition was denied by the order of this court dated May 16, 1963.
"c. Resisting the husband's appeal from the aforesaid orders taken by the Defendant to the District Court of Appeals, Second District of Florida, which court, after briefs and oral argument by unanimous opinion affirmed the orders made and entered by the Chancellor in this court.
"d. Resisting the petition for rehearing, addressed to said Second District Court of Appeals, for reconsideration, which rehearing was likewise denied.
"e. Resisting the Defendant's petition filed in the Supreme Court of Florida for a Writ of Certiorari to have the decision of said Second District Court of Appeals reviewed, which was done successfully.
"f. Filing petition for rule to show cause, oral argument thereof, as well as on the question of allowance of attorney's fees.
"g. Preparation and filing of brief with the court on the right of Plaintiff to enforcement of decree by contempt proceedings.
"h. The stipulation filed by both parties leaving the question of allowance of attorney's fees for the services of Plaintiff's attorneys to the discretion of the court, if such allowances were by law proper.
"And the court being of the opinion and finding that under the laws of Florida the wife is entitled to suit money and attorney's fees in any proceeding brought by a husband for the purpose for either reducing or cancelling any allowance made for maintenance and support set forth in the original final decree, and, that,
"The case of SIMPSON vs. SIMPSON in 63 So.2d 764 is controlling of the point before the court, where the court said specifically that Section 65.16 must be given a broad and liberal interpretation so that a wife may be provided with suit money, including attorney's fees, to defend attacks made by a husband upon a former decree, and that, Section 65.16 (2) provides for enforcement of such allowance in the same manner as other chancery orders and decrees;
"Accordingly it is ORDERED, ADJUDGED AND DECREED as follows:
"1. That the Defendant, WILLIAM K. HOWELL, pay to Yergey & Yergey, attorneys for the Plaintiff, for resisting the proceedings brought by the husband to reduce the payments fixed by the final decree in this case, in the lower court, the District Court of Appeals, in the Supreme Court of the State of Florida, the *264 sum of $2,000.00 which is hereby decreed to be reasonable compensation for their services rendered in this cause.
"2. That the Defendant also pay the costs of $10.00 previously allowed by this court, also the sum of $7.00 for services rendered by the Sheriff of Orange County, Florida, making a total of $17.00.
"3. That Defendant, WILLIAM K. HOWELL, pay the attorney's fees and costs aforesaid on or before the 1st day of March, 1965.
"DONE AND ORDERED in chambers at Tavares, Lake County, Florida, this 24th day of February, 1965.
 /s/ W. Troy Hall, Jr. 
 W. Troy Hall, Jr.
 Circuit Judge"
The question presented here is the correctness of the above Order. The trial court is without authority to fix attorneys' fees for services rendered in the Appellate Court or the Supreme Court, Fla. Appellate Rule 3.16, subd. e, 31 F.S.A. The Order appealed refers to legal services rendered in the Second District Court of Appeal and the Supreme Court of Florida, and any fee fixed by the lower Court for such services is not valid. The first appeal and the certiorari taken thereon have been concluded and no attorney's fees having been fixed by the Court of Appeal or the Supreme Court, the right to attorney's fees in those proceedings has been terminated.
Under the above stipulation the Chancellor has the authority to fix reasonable attorney's fees for the last proceeding held before him. It was error for the Court to enter the Order appealed, and said Order is reversed, and this cause is remanded for the Chancellor to fix attorney's fees for the plaintiff's attorney for services rendered in the last appearance before the Chancellor.
Reversed.
SHANNON, Acting C.J., and LILES, J., concur.