PIERCE, WILLIAM C., Associate Judge.
This is an appeal by appellant Norman K. Rutkin from an order denying award of attorneys’ fees for legal services previously rendered in this 3rd District Court.
A brief chronology of antecedent proceedings will be helpful. Rutkin had previously been involved in an automobile accident caused by an uninsured motorist, and pursuant to arbitration proceedings under the applicable statute had secured an award. He thereafter filed suit in the Dade County Circuit Court under his own indemnity insurance policy to recover from the insurer the costs he had incurred in the arbitration proceeding such as he would have been al- *100 loved as the successful party in an action at law. From an adverse judgment in the circuit court, Rutkin appealed here and this court, by opinion reported in 195 So.2d 221, reversed and remanded the cause “with directions to enter judgment against the defendant [insurer] for the claimed costs, or such of them as the trial court shall determine proper, and to include in the judgment an allowance to the plaintiff of reasonable attorney fees as provided for in the applicable statute, § 627.0127 Fla.Stat., F.S.A. * * * ” The case was certified to the Supreme Court by certiorari as presenting a question of great public interest, resulting in that court approving this court’s decision. 199 So.2d 705.
Six months after this court’s decision and one month after the Supreme Court’s decision, Rutkin filed motions in both courts for attorneys’ fees for appellate services. This court denied the motion, citing Rule 3.16 of the Florida Appellate Rules, 32 F.S.A. Shortly thereafter the Supreme Court likewise denied the motion filed there.
Upon remand back to the circuit court, Rutkin filed in that court a petition seeking allowance of such attorneys’ fees under F.S. Section 627.0127, F.S.A. The circuit court entered two orders, one awarding attorneys’ fee for services of plaintiff’s counsel in the circuit court proceeding, and the other denying allowance of attorneys’ fee for services rendered by his counsel in the appellate proceedings. It is from this latter order that the instant appeal is taken. We affirm.
Rule 3.16 subd. e F.A.R., upon which this court previously denied attorneys’ fees for services here, provides inter alia:
“Where attorney’s fees are allowable by law for services in the appellate court the request therefor shall be presented by motion filed with the clerk of the appellate court at or before the time of filing the party’s first brief, and shall be disposed of at the time the case is disposed of on the merits, unless otherwise ordered by the Court.” (Emphasis supplied).
Rutkin failed to comply with the italicized portion of the rule. Observance of. the rule is obligatory upon a party seeking benefit of it. Spivey v. Battaglia Fruit Co., Fla. 1962, 142 So.2d 3; Travelers Ins. Co. v. Tallahassee Bank & Trust Co., Fla.App. 1961, 133 So.2d 463; Howell v. Howell, Fla.App.1966, 183 So.2d 261.
And F.S. Section 627.0127, F.S.A. cannot avail Rutkin. That section, in its pertinent parts, provides:
“Upon the rendition of a judgment or decree by any of the courts of this state against an insurer in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial judge shall adjudge or decree against the insurer and in favor of the insured or beneficiary, a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which the recovery is had. * * * Where so awarded compensation or fees of the attorney shall be included in t.he judgment or decree rendered in the case.”
It has been uniformly held that this statutory provision is applicable only to legal services performed in the trial court. Travelers Ins. Co. v. Tallahassee Bank & Trust Co., supra; Metropolitan Life Insurance Company v. Jenkins, 1943, 153 Fla. 53, 13 So.2d 610; Continental Cas. Co. v. Borthwick, Fla.App.1965, 177 So.2d 687; Boston Ins. Co. v. Smith, Fla.App.1963, 149 So.2d 68; Grand Assembly, etc. v. New Amsterdam Casualty Co., Fla.App. 1958, 102 So.2d 842.
F.S. Section 627.0127, F.S.A. was amended by the 1967 legislature to provide legal fees for appellate court services, but such amendment did not become effective until July 25, 1967, about six months after this court’s decision on the merits. Therefore, the original Section 627.0127, which limited such fees to services in the trial court, was fully applicable at all times when the ap *101 pellate proceedings here were being litigated. For this same reason, among others, Rutkin’s additional motion for legal fees to cover services in this court on the instant appeal must be denied.
Affirmed on the merits, and motion for fees incident to this appeal is denied.