394 So.2d 1022 (1981)
George CARI, Appellant,
v.
Gerald ERICKSON and Monika Erickson, His Wife, Appellees.
No. 79-2307.
District Court of Appeal of Florida, Fourth District.
January 7, 1981.
Rehearing Denied March 31, 1981.
Richard W. Springer, of Kohl, Springer, Springer & Garrison, Palm Springs, for appellant.
Thomas A. Bratten, of Bratten & Harris, P.A., West Palm Beach, for appellees.
HERSEY, Judge.
This is an appeal from an order of the trial court assessing attorneys' fees against *1023 appellant for services rendered to appellees in a previous appeal. No motion for attorneys' fees was filed by appellees in those appellate proceedings.
It is appellant's position that the rule then in effect (Rule 3.16(e), 1962 Florida Rules of Appellate Procedure) precludes the allowance of attorney's fees by the trial court for services performed in the appellate court.
We agree and reverse. Howell v. Howell, 183 So.2d 261, 264 (Fla. 2nd DCA 1966) succinctly states the rule that "the trial court is without authority to fix attorneys' fees for services rendered in the Appellate Court... ."
In Re Estate of Potts, 199 So.2d 319 (Fla. 2nd DCA 1967) and In Re Estate of Garvey, 212 So.2d 790 (Fla. 3rd DCA 1968) are cited and argued in the briefs of both parties. Because of the importance of the question involved and the frequency with which it is raised, we will touch briefly upon what we perceive to be the distinguishing feature between the rule in those cases and the rule involved here.
First, the rule applied in the instant case is that the trial court is without authority to assess attorney's fees for services rendered in the Appellate Court. This rule continues to be applicable under the appellate rules adopted in 1977. (Fla.R.App.P. 9.400.) Second, the rule referred to in the cited cases provides that the probate court has exclusive jurisdiction (Art. V, § 7(3), Fla. Const.) to award attorneys' fees in the settling of estates.
Any supposed conflict in the application of these two rules is superficial. The appellate rule simply permits the appellate court under appropriate circumstances to require the losing party to pay the attorney's fees incurred by the prevailing party for prosecuting the appeal. The case law interprets this rule as prohibiting the trial court from doing so. Thus the probate court may not assess a fee to be paid by the estate to an attorney representing a party adverse to the estate for services rendered in prosecuting a successful appeal against the estate.
The probate rule gives the probate court authority to require an estate to pay an attorney for services rendered to the estate, which may include services rendered in the appellate court. It follows that an appellate court is not permitted to award a fee to be paid from the estate to the attorney for the estate for services rendered on appeal.
With this clarification, we reverse the order of the trial court awarding an attorney's fee.
REVERSED AND REMANDED.
LETTS, C.J., and DOWNEY, J., concur.