501 So.2d 1286 (1986)
In re the ESTATE OF Daniel A. UDELL, Deceased.
No. 84-2039.
District Court of Appeal of Florida, Fourth District.
June 18, 1986.
Rehearing Denied February 26, 1987.
*1287 J.A. Plisco, P.A., Palm Beach, Moyle, Flanigan, Katz, Fitzgerald & Sheehan, P.A., and Larry Klein of Klein & Beranek, P.A., West Palm Beach, for appellant Mary Bachrach.
James E. Weber of James E. Weber, P.A., West Palm Beach, for appellee Sylvia Rose.
Nancy Malley Graham and H. David Faust of Steel, Hector, Davis, Burns & Middleton, Palm Beach, for appellee personal representative Bank of Palm Beach and Trust Co.

OPINION ON MOTIONS FOR ATTORNEY'S FEES
HERSEY, Chief Judge.
In this appeal of an order entered in probate proceedings both appellant and appellee filed motions for attorney's fees. Our opinion on the main appeal, In re Estate of Udell, 482 So.2d 458 (Fla. 4th DCA 1986), affirmed the trial court's order in part and reversed in part, so that both parties prevailed on at least one of the issues on appeal. Because of this circumstance and the confusion that apparently continues to cloud the question of the entitlement to attorney's fees upon appeal from orders entered in probate, we have elected to issue an opinion rather than to deal with the matter by unpublished order.
As in many probate proceedings, the personal representative of the Udell estate is merely a stakeholder, owing a fiduciary duty to all of the beneficiaries of the estate. The real parties in interest are appellant, Mary Bachrach, a beneficiary under the residuary clause of the decedent's will, and appellee, Sylvia Rose, the decedent's widow and the beneficiary of a general devise under the will. Conflict is created by virtue of the fact that the larger the amount of the general devise the smaller the residuary estate. The size of the general devise in this case depends upon the interaction of an agreement, the terms of the will, and statutes which pertain to the elective share. While sketchy, the foregoing factual picture is sufficient to set the stage for brief consideration of the matter of attorney's fees for services rendered on an appeal of a probate matter.
*1288 In the usual case, whether or not in probate, a party becomes obligated by contract to compensate his own attorney for services rendered in pursuing an appeal. Where provided by statute or agreement, however, the prevailing party may be entitled to have his or her attorney's fees paid by the losing party. (Not considered here are exceptional cases such as dissolution of marriage, creation of a common fund, etc.) Under such circumstances, where services are performed on appeal application must be made to the appellate court for allowance of attorney's fees pursuant to rule 9.400(b), Florida Rules of Appellate Procedure, although the amount of the fee may be determined by the lower tribunal upon remand for that purpose. The lower tribunal has no authority to grant attorney's fees for appellate services in the first instance. Cari v. Erickson, 394 So.2d 1022 (Fla. 4th DCA 1981); Howell v. Howell, 183 So.2d 261 (Fla. 2d DCA 1966). The general rule, then, is that only the appellate court is authorized to award attorney's fees to the prevailing party and against the losing party.
In probate proceedings there is a complicating factor, however. This stems from the principle that one who benefits an estate may be entitled, under appropriate circumstances, to an award for costs and attorney's fees from estate assets. It is well established that such fees may only be awarded by the court exercising probate jurisdiction. In re Estate of McCune, 223 So.2d 787 (Fla. 4th DCA 1969). The rule applies to services performed at both the trial and appellate levels. Thus, an appellate court is without authority to award attorney's fees in this category even for services performed in the appellate court. Garvey v. Garvey, 219 So.2d 685 (Fla. 1969); Cari v. Erickson, 394 So.2d 1022 (Fla. 4th DCA 1981).
For convenience the claimants first mentioned might be placed in a category to be described as having "claims against an estate." Such a claimant, prevailing on appeal on a claim for which attorney's fees are authorized by statute or contract, would appropriately seek an award of fees against the estate from the appellate court, and the trial court would not be authorized to award fees for services rendered at the appellate level. Into this category would be placed creditors of the decedent or the estate, such as the holder of a promissory note or one claiming a mechanic's lien.
The other category of claimants are those who assert a right to attorney's fees for having provided a "benefit to the estate." For instance, an heir or devisee who is successful in having a will interpreted in his favor and adversely to another claimant has benefitted the estate to the extent that the intention of the testator is carried out because of his efforts through litigation (or otherwise) to prevent the losing claimant from thwarting that intention. In such a case, the authority to award attorney's fees from the estate for services rendered on appeal vests in the lower tribunal, rather than the appellate court. In short, claimants do not prevail against the estate under these circumstances, but rather for the benefit of the estate.
To briefly complicate the matter further, if, in benefitting the estate, the claimant was the prevailing party on appeal as against a third party in a controversy where attorney's fees are made available by statute or contract, the appellate court could make an award of attorney's fees in favor of the claimant against the third party.
Applying these distinctions to the Udell situation, appellant, Bachrach, specifically seeks attorney's fees pursuant to section 733.106, Florida Statutes (1985), for having "rendered services to an estate." Appellee, Rose, bases her motion for attorney's fees simply on "applicable law." Both, however, are in the same category, and neither is cognizable by this court. Whether either claimant or both claimants are entitled to recover their attorney's fees for services rendered in these appellate proceedings is solely the province of the *1289 lower tribunal in the exercise of its probate jurisdiction.
Accordingly, the motions are denied.
DOWNEY and GLICKSTEIN, JJ., concur.