WENTWORTH, Judge.
Appellant seeks review of a final judgment awarding attorney’s fees from the date the cause was remanded by this court until a final order was entered, but denying attorney’s fees from the commencement of the suit to the date of remand. We affirm because the fee issue was not preserved in the prior appeal and this court did not find entitlement to a fee for appellate services.
Appellant, lessee of two lots owned by the Okaloosa Island Authority, in 1972 entered into a sublease agreement with Mitchell Benaquis and Ruth Puhalla Kond-rat, who assigned their interest in the sublease to Barnacle Bill’s Seafood Galley, Inc. The lease agreement provided that the lessee was to pay court costs and attorney’s fees incurred by the lessor to enforce or to *663 require performance of the lease. Appellant in 1981 filed suit for declaratory judgment against Barnacle Bill’s, seeking cancellation of the lease and alleging that Barnacle Bill’s nonpayment of taxes on the property was a breach, and that the lease was unfair. Under the original lease terms, Barnacle Bill’s was to pay to the Okaloosa Island Authority two percent of the gross revenue of the business.
The Okaloosa Island Authority in 1975 was abolished by the legislature, and all its powers, duties and functions were given to the Okaloosa County Commission. The county was not given the power to collect the two percent assessment. Instead, it imposed an ad valorem tax on the leased property. Barnacle Bill s ceased paying the assessment when the island authority was abolished. Neither Barnacle Bill’s nor appellant paid the ad valorem taxes. Barnacle Bill’s contended it was not liable for the two percent assessment because the Okaloosa Island Authority no longer existed, and that it was not liable for the ad valorem taxes because payment of the taxes was not required under the lease.
The circuit court in October 1983 dismissed that portion of the petition for declaratory relief dealing with the issue of payment of the ad valorem taxes, and ruled that Barnacle Bill’s was not entitled to a renewal of the lease. In the final judgment, the circuit court expressly ordered the parties to be responsible for their own attorney’s fees and court costs. Barnacle Bill’s appealed. Appellant Ford filed a cross-appeal, claiming the circuit court erred in dismissing the petition for cancellation for lessee’s failure to pay taxes.
This court in July 1984 reversed the lower court on the appeal and cross-appeal, stating the case had never been heard on the merits as to the breach of the lease for failure to pay taxes. Barnacle Bill’s Seafood Galley, Inc. v. Ford, 453 So.2d 165 (Fla. 1st DCA 1984). That part of the order denying attorney’s fees had not been appealed and was not discussed in the opinion on appeal.
On remand the court found that, as a direct result of the abolition of the Okaloo-sa Island Authority, the terms of the lease became impossible or impractical to perform, and the lease therefore required reformation. The court found that Barnacle Bill’s owed taxes plus interest from 1975 to appellant Ford, as well as attorney’s fees Ford had paid when Ford was sued by the county for failure to pay taxes on the property. In a June 1985 final judgment, the court ruled that appellant was entitled to recover attorney’s fees from July 1984, the date of the appellate decision, to the conclusion of the case. The court denied fees for the earlier period from the commencement of the suit in April 1981.
Attorney’s fees are recoverable only as authorized by statute or contract. Estate of Hampton v. Fairchild-Florida Construction Co., 341 So.2d 759 (Fla.1976). Appellant’s 1981 suit for declaratory relief was not an action to enforce or to require performance of the lease. Instead, appellant sought to cancel the lease because the terms of the lease became unfair when the Okaloosa Island Authority was abolished and the county commission imposed ad va-lorem taxes, an event neither of the parties had anticipated.
Appellant did not assert error in denial of fees by the trial court and did not claim attorney’s fees in the appellate court. This court, in reversing and remanding the case, did not award fees to either party. Absent such an award the trial court is without authority to fix fees for services rendered. Cari v. Erickson, 394 So.2d 1022 (Fla. 4th DCA 1981). Attorney’s fees were therefore properly awarded from the date of remand to the conclusion of the suit.
Appellee’s current motion for attorney’s fees in this court, alleging a frivolous appeal, is denied as there is no showing that the appeal was filed in bad faith or in the absence of a justiciable issue.
The judgment is affirmed.
SMITH and BARFIELD, JJ., concur.