596 So.2d 678 (1991)
William C. BISSMEYER and David A. Steves, P.A., a Florida Professional Corporation, Appellants,
v.
SOUTHEAST BANK, N.A., as Personal Representative of the Estate of Jeanne P. Bissmeyer, Deceased, Roger J. Bissmeyer, individually and as guardian of James A. Bissmeyer, Claire B. Tiberio, and Carol B. Graham, Appellees.
No. 91-00199.
District Court of Appeal of Florida, Second District.
December 4, 1991.
David A. Steves of Bennett, Steves & Robie, Sarasota, for appellants.
Barry F. Spivey, of Dart, Ford, Strelec & Spivey, P.A., Sarasota, for appellees.
ALTENBERND, Judge.
William C. Bissmeyer, a beneficiary of the estate of Jeanne P. Bissmeyer, and *679 David A. Steves, P.A. (Steves), appeal a probate order denying Steves' motion for attorneys' fees. These fees were requested by Steves for its successful appellate defense of a circuit court order awarding attorneys' fees directly to Steves for legal work benefiting the estate in the probate proceeding. In the earlier appeal, this court affirmed because the record provided by the appellant was insufficient to determine the merits of the appeal. Southeast Bank, N.A. v. David A. Steves, P.A., 552 So.2d 292 (Fla. 2d DCA 1989). We affirm this appeal because Steves has not demonstrated that any effort by it to uphold the judgment awarding it fees from the estate involved services rendered to benefit the estate. § 733.106(2), Fla. Stat. (1989); In re Estate of Gaspelin, 542 So.2d 1023 (Fla. 2d DCA), review denied, 547 So.2d 1209 (Fla. 1989); In re Estate of Udell, 501 So.2d 1286 (Fla. 4th DCA 1986).
Steves did not file a motion for attorneys' fees with this court in the prior appeal under Florida Rule of Appellate Procedure 9.400(b). The circuit court was concerned that our interpretation of the prior appellate rule, Florida Appellate Rule 3.16(e), might still require an attorney providing a benefit to an estate to move for appellate fees in this court before requesting fees in the probate court. See In re Estate of Potts, 199 So.2d 319 (Fla. 2d DCA 1967). The reasoning in Potts was rejected in Garvey v. Garvey, 219 So.2d 685 (Fla. 1969), and was also affected by the change in appellate rules. To avoid confusion, we announce that this court follows the guidelines described in In re Estate of Udell, 501 So.2d 1286 (Fla. 4th DCA 1986). See also, Cari v. Erickson, 394 So.2d 1022 (Fla. 4th DCA 1981).
The order awarding fees was not paid by the estate pending the first appeal. When that appeal was concluded, the circuit court refused to add interest to that award, finding that the payment was not arbitrarily withheld. The record before this court does not establish that the trial court abused its discretion in that regard. See In re Estate of Lunga v. Koppen, 360 So.2d 109 (Fla. 3d DCA), cert. denied, 366 So.2d 883 (Fla. 1978).
Finally, Mr. Bissmeyer and Steves have petitioned this court for attorneys' fees for services rendered in this appeal pursuant to section 733.106(3), Florida Statutes (1989). Such a motion is not cognizable by this court and rests within the exclusive province of the circuit court. In re Udell. Accordingly, we decline to consider their motion.
Affirmed.
SCHEB, A.C.J., and THREADGILL, J., concur.