PATTERSON, Judge.
James Louth appeals from a trial court order awarding appellate attorney’s fees to his former wife, Mariellen Williams. We reverse.
The parties were divorced by a final judgment dated January 19, 1990. That judgment was appealed to this court and affirmed without opinion in Louth v. Louth, 583 So.2d 679 (Fla. 2d DCA 1991). The wife then sought attorney’s fees in the trial court for fees she incurred defending the husband’s motion for rehearing of the final judgment. The husband applied for a writ of prohibition in this court, asserting that the trial court lacked jurisdiction to consider the wife’s motion for fees. This court denied the petition in Louth v. Isom, 616 So.2d 999 (Fla. 2d DCA), review denied, 626 So.2d 206 (Fla.1993). Although the wife appeared in that proceeding, she made no motion for appellate attorney’s fees pursuant to Florida Rule of Appellate Procedure 9.400.
Thereafter, the wife filed a motion for attorney’s fees in the trial court. Her motion sought fees incurred in the prohibition proceeding in this court. The trial court granted the motion and awarded fees by order dated October 7, 1993. That order is the subject of this appeal.
The husband argues, and we agree, that the trial court did not have jurisdiction to make an award of appellate attorney’s fees under the circumstances presented here. The sole jurisdiction to determine entitlement to appellate fees lies with the appellate courts. See Horn v. Horn, 73 So.2d 905 (Fla.1954); Boyer v. Boyer, 588 So.2d 615 (Fla. 5th DCA 1991), review denied, 599 So.2d 654 (Fla.1992); Wood v. Price, 546 So.2d 88 (Fla. 2d DCA), review denied, 553 So.2d 1166 (Fla.1989); Gieseke v. Gieseke, 499 So.2d 839 (Fla. 4th DCA 1986). Therefore, we reverse the order of the trial court awarding appellate attorney’s fees.
Reversed.
RYDER, A.C.J., and QUINCE, J., concur.