WHATLEY, Judge.
The appellant, James Robert Louth, challenges a trial court order awarding attorney’s fees to his former wife, Mariellen Williams. Louth has also filed a petition for writ of habeas corpus asking for relief from an order finding him in contempt for failure to pay the subject attorney’s fees. Those two actions have been consolidated for purposes of this appeal.
The marriage of the parties was dissolved by a final judgment dated January 19, 1990. The final judgment indicated that the parties “lived a relatively frugal existence given their moderate combined income.” The final judgment also directed that each party pay their own attorney’s fees and costs. Litigation pertaining to this dissolution of marriage has continued for over five years.
The final judgment was appealed to this court and affirmed without opinion in Louth v. Louth, 583 So.2d 679 (Fla. 2d DCA 1991). Williams then sought attorney’s fees for services rendered in defending a motion by Louth for a rehearing of the final judgment. Louth filed a petition for writ of prohibition in this court, challenging the jurisdiction of the trial court to consider the motion for attorney’s fees. This court denied the petition in Louth v. Isom, 616 So.2d 999 (Fla. 2d DCA), review denied, 626 So.2d 206 (Fla. 1993). Though Williams appeared in that proceeding, she made no motion for appellate attorney’s fees pursuant to Florida Rule of Appellate Procedure 9.400.
Williams then filed a motion for appellate attorney’s fees in the trial court for services rendered in Louth v. Isom. The trial court granted this motion for fees. Louth filed a motion for rehearing, which asked the trial court to reconsider the award of appellate attorney’s fees. This motion was denied. Louth appealed. This court held that the trial court did not have jurisdiction to award appellate attorney’s fees. Louth v. Williams, 643 So.2d 69 (Fla. 2d DCA 1994).
In addition to the foregoing, Williams also filed a motion for attorney’s fees for services rendered in connection with Louth’s motion for rehearing. The trial court granted this motion for fees, even though the appeal on the appellate fee issue was still pending. This award of fees is the basis of the present appeal.
Louth argues, and we agree, that it was error to award Williams attorney’s fees in connection with the motion. Louth was merely defending against an erroneous order. Williams contends that the award of attorney’s fees should not be dependent upon who prevails, but on the relative financial conditions of the parties. However, the end result of such would award Williams for pursuing a meritless position and punish Louth for defending against such. Since the position advanced by Williams was meritless, it was error to award her attorney’s fees for services in that action. We, therefore, reverse the order of the trial court awarding attorney’s fees to Williams.
The order holding Louth in contempt is also reversed, and consequently, the petition for writ of habeas corpus is now moot as to all matters concerning this consolidated appeal.
Reversed.
THREADGILL, C.J., and PARKER, J., concur.