PER CURIAM.
The personal representative of the estate of Mort Levin appeals an order of the probate court dismissing with prejudice an amended petition for surcharge which sought noneconomic damages for the wrongful death and negligent care of the decedent by his former guardian, appellee Abraham Galbut. In dismissing the petition with prejudice, the court found: (1) as a matter of law that the allegations could not state a cause of action for surcharge and (2) that this same action was first filed and is currently pending in the general jurisdiction division of the circuit court in a personal injury action styled Carl M. Sugarman, in his capacity as Personal Representative of the Estate of Mort Levin, deceased v. Abraham Galbut, case number 94-19988. On this appeal, the personal representative argues that the trial court should have abated rather than dismissed this probate action and in the alternative, the dismissal should have been without prejudice to preclude a potential res judicata argument by appellee in the general jurisdiction action.
We, first of all, affirm the trial court’s dismissal of the amended petition for surcharge for failure to state a cause of action. Generally speaking, surcharge actions are utilized for the recovery of assets which have been mishandled or misappropriated by the guardian. See, e.g., King v. King, 178 So.2d 35 (Fla. 3d DCA 1965); In re Nusbaum’s Guardianship, 154 Fla. 49, 16 So.2d 519 (1944).
The purpose of requiring the repayment by the guardian is to make whole the ward’s estate, and it is prompted by the ever present zeal of the courts to protect those who are unable by affliction to fend for themselves.
Id., 16 So.2d at 521; see also In re Guardianship of Lawrence, 563 So.2d 195 (Fla. 1st DCA 1990) (where guardian found to have breached fiduciary duties, his claim for compensation may not be entertained by court and he and/or surety liable for mismanaged funds with interest); 28 Fla.Jur.2d Guardian and Ward § 83 (1981). We have found no authority and the parties cite us to none which permits the recovery of purely noneco-nomic losses (i.e. pain and suffering) in a surcharge action. In the absence of such authority, we therefore conclude that the trial court’s decision to dismiss rather than abate the action below was not error.
In view of the pending identical personal injury action between these parties, however, we must reverse that portion of the order which states that the dismissal is “with prejudice.” The effect of our reversal is to preclude appellee from raising the defense of *268 res judicata in the pending personal injury action.[1] See Clampitt v. Clampitt, 621 So.2d 586 (Fla. 2d DCA 1993).
Accordingly, we affirm the dismissal of the action below but remand with instructions that the dismissal be without prejudice.

. To his credit, appellee Abraham Galbut has effectively stipulated on this appeal that the dismissal of the action below will not have a preclu-sive effect on the pending personal injury action, since no issues were litigated and no factual findings were made below on the merits.