SORONDO, Judge.
The Appellant/Petitioner, Carl Sugarman, in his capacity as Personal Representative of the Estate of Mort Levin, deceased (the Estate), appeals to this Court a Final Order of the lower court granting: 1) a Petition for Order Authorizing Payment of Attorney’s Fees and Costs to Appellee/Respondent Abraham Galbut, Esq. and his law firm, as attorneys for the guardian of the person; 2) a Petition for Order Authorizing Payment of Compensation to Galbut, as the guardian of the person; and 3) a Motion for Attorney’s Fees and Costs for Thomas J. Morgan, P.A., as attorney for the guardian of the person.
On June 17, 1991, Galbut was appointed successor guardian of the person (guardian) of Mort Levin (Levin), a ward. Galbut performed services until Levin’s death on April 24, 1994. These services also included Gal-but acting as the attorney for the guardian. On July 25, 1994, Galbut petitioned for his fees for services as both guardian and as *641 attorney for the guardian. A hearing was set for December 15, 1994. In addition, the duties of the attorney for the guardian were taken over by Thomas J. Morgan, Esq. in December 1994, at the time of the first scheduled hearing for fees.
Levin’s Estate failed to make any objections to the petitions for fees until the December 15, 1994 hearing, when the Estate made oral objections, resulting in the Court resetting the matter for hearing on January 30, 1995. The Estate alleged that Galbut was negligent and responsible for Levin’s death. On January 8, 1995, the Estate filed a Motion to Strike the Petition for Fees filed by Galbut. The next day, January 9, 1995, the Estate filed Levin’s death certificate. On January 10, 1995, the Estate filed formal objections and made a request for jury trial.
On January 20, 1995, Galbut filed his Response to the Motion to Strike his Fees, moved to strike the jury trial demanded in the Motion to Strike his Fees, and responded to the separate motion for jury trial. Also on January 20, 1995, the Estate filed a Petition for Surcharge against Galbut, as guardian of the person, for his negligence. Galbut’s attorney moved to dismiss, and on April 25, 1995, the trial court entered an Order on all pending motions. The Court dismissed the Amended Petition for Surcharge, with prejudice, finding that it failed to state a cause of action upon which relief could be granted because the Petition improperly sought relief for alleged torts. The Court also entered an order denying the Estate’s Motion for Jury Trial and Motion to Strike the Petition for Fees for lack of jurisdiction.
In May of 1995, the Estate petitioned this Court for a Writ of Certiorari to review the Estate’s right to trial by jury at a hearing awarding guardian fees and attorney’s fees. The Estate also petitioned this Court for a Writ of Prohibition,, contending that the probate court lacked jurisdiction to award either guardian or attorney’s fees. This Court denied these petitions.
On June 2, 1995, Galbut’s attorney filed a motion below for attorney’s fees under § 744.108 and § 57.105, Fla. Stat., for services rendered in defending Galbut against the Estate’s Petition for Surcharge and other motions, including the defense to the motion for jury trial and the motion to strike the petition for fees. Attorney’s fees were also sought in this Court for the defense against the Estate’s Petition for the Writs of Certio-rari and Prohibition. This Court denied attorney’s fees on November 16,1995.
On June 12, 1995, the Estate appealed the Order Dismissing with Prejudice the Petition for Surcharge. In Estate of Levin v. Galbut, 666 So.2d 266 (Fla. 3d DCA 1996), this Court affirmed the lower court’s dismissal of the Amended Petition for Surcharge because it failed to state a cause of action for surcharge as a matter of law. However, to ensure that the dismissal of the Petition would not have any preclusive effect on the pending tort action in the circuit court’s general jurisdiction division, this Court held that the dismissal be “without prejudice.” This Court denied Galbut’s motion for attorney’s .fees on that appeal.
Finally, a hearing was set by the lower court on March 4, 1996, on Galbut’s Petition for Fees as guardian of the person and Gal-but’s attorney’s (Morgan) Petition for Fees and Costs in representing the guardian. At that hearing an attorney’s fees expert testified regarding the reasonableness and necessity of the fees and services performed by both Galbut and Morgan.
The lower court awarded fees and costs and ordered that the award be paid from the assets of the Estate. The lower court awarded Galbut and his law firm, as attorneys for the guardian, $9,000.00 for fees for services rendered from April 15, 1991 through July 20, 1994; awarded Galbut, as guardian of the person, $4,000.00 for fees for his services rendered from July 19, 1991 through April 25, 1994; and awarded Morgan, as attorney for the guardian, $35,000.00 for fees for his services rendered from July 25,1994 through January 22, 1996. The Estate now appeals that Order to this Court.
We affirm the order of the trial court awarding fees and costs to the firm of Gal-but, Galbut, Menin and Wasserman, P.A. We *642 also affirm the award of fees to Abraham Galbut for services rendered as Guardian.[1]
We now address the issue of attorney’s fees awarded by the trial court for services rendered by the attorney for the guardian, Morgan. First, we review the fees awarded for services rendered in the two appeals litigated here. In each of those appeals counsel for the guardian filed a motion for attorney’s fees. These motions were considered and denied by this court. The trial court was therefore without authority to grant them.[2] Louth v. Williams, 643 So.2d 69 (Fla. 2d DCA 1994); Schere v. Z.F., Inc., 578 So.2d 739 (Fla. 3d DCA 1991); Garcia v. Garcia, 570 So.2d 357 (Fla. 3d DCA 1990); Scutti v. Daniel E. Adache & Assoc. Architects, P.A., 515 So.2d 1023 (Fla. 4th DCA 1987); Gieseke v. Gieseke, 499 So.2d 839 (Fla. 4th DCA 1986); Elswick v. Martinez, 394 So.2d 529 (Fla. 3d DCA 1981); Travelers Indem. Co. of Am. v. Morris, 390 So.2d 464 (Fla. 3d DCA 1980). As concerns the rest of the attorney’s fees, we are unable to determine from the final order, the basis of the attorney’s fee award.[3] For these reasons, the order of the trial court granting attorney’s fees in the amount of thirty-five thousand ($35,000) dollars is reversed. We remand the case with instructions to conduct a new hearing to determine what attorney’s fees the guardian’s attorney (Morgan) may properly be entitled to receive for services rendered at the trial level. In so doing we note that we have thoroughly reviewed this record and find no legal basis for an award of attorney’s fees under section 57.105, Florida Statutes. Accordingly, whatever award is ultimately made by the trial court must be based on section 744.108, Florida Statutes.
Affirmed in part; reversed in part, and remanded with instructions.

. We stress that nothing in this opinion is intended to affect, in any way, the pending litigation between the Estate and the Guardian in the General Jurisdiction Division of the Circuit Court.

. Counsel for the Guardian suggests that the Probate Court has the authority to grant attorney’s fees of any type at the conclusion of the proceeding. We agree that the Circuit Judge presiding in the Probate Division has the authority to award attorney’s fees for services rendered to the estate in the appellate court. Bissmeyer v. Southeast Bank, N.A., 596 So.2d 678 (Fla. 2d DCA 1991); In re The Estate of Daniel A Udell, 501 So.2d 1286 (Fla. 4th DCA 1986); Cari v. Erickson, 394 So.2d 1022 (Fla. 4th DCA 1981). Counsel's services in this case, however, were not rendered to the estate but to the guardian.

.It is unclear to us whether the award of attorney’s fees to Mr. Morgan was based on section 57.105 or section 744.108, Florida Statutes. The court’s order does not refer to either statute and the motion refers to both.