**IN THE MATTER OF THE GUARDIANSHIP OF SHERMAN E. NUSBAUM, non compos mentis.**
**SHERMAN E. NUSBAUM, non compos mentis, by General Frank T. Hines, Administrator of Veterans' Affairs, as next friend, v. CHARLES NUSBAUM|**
10 So. (2nd) 661                                       June Term, 1942
December 4, 1942                                        Division B

*George W. Burke, Edward E. Odom* and *D. B. White,* for appellant.

Roger H. West, for appellee.

CHAPMAN, J.:

The record in this cause discloses that Charles Nusbaum, on June 3, 1925, was appointed guardian for Sherman E. Nusbaum, non compos mentis, by the County Judge of Volusia County, Florida. He received money of his ward from the

Veteran's Bureau. The guardian, on September 25, 1925, bought a building lot located in Daytona Beach, Florida, for the sum of $3,000. There was a mortgage in the sum of $750.00. on the lot when purchased. The guardian used $1234.00 of his ward's money as part payment. He loaned his ward sufficient money to pay the agreed purchase price and took back a note for the amount, payable to the guardian and signed by the estate of the ward. The Florida land boom collapsed and the lot was sold in October, 1936, for the net sum of $288.14. On February 27, 1931, the guardian paid out of the ward's estate the sum of $150.00 on the unpaid mortgage against the lot. Annual reports as guardian were filed in 1927, 1931 and 1936.

Counsel for the ward by petition contended that the sums of $1234.12 and $150.00, with interest, were unlawful items to be charged against the ward's estate; that the power to invest funds of a ward by a guardian was limited to the existing statutory authority, and if made without such authority, it was done at the peril of the guardian. It was the contention of the guardian that he had acted in good faith, employed his best judgment, and obtained the verbal approval of the County Judge prior to making the investment. The County Judge and the circuit court sustained the contention of the guardian, as made below, and an appeal has been perfected therefrom to this Court.

Section 5913 C.G.L. confers on the County Judge the power to appoint guardians of insane persons domiciled in the State of Florida. The power of a guardian, so appointed, over the person and property of a non compos mentis person shall be the same as conferred by law on guardians of infants. Section 5893 C.G.L. provides for the control and management of the money of an infant and enumerates the securities in which the money of an infant may be invested by a guardian. Section 5894 C.G.L. authorizes the guardian, under certain conditions, with the permission of the County Judge, with the funds of an infant, to purchase cultivatable lands for the use and benefit of the infant. While the power of the guardian in the case at bar to buy cultivatable land for his ward by statute may exist, it has not been made to appear

from the evidence adduced that the building lot so purchased was cultivatable land contemplated by Section 5894. Where securities and the character of investments of the funds of a ward are prescribed by statute, the same, under usual and ordinary conditions, are controlling. The law speaks for a ward when by affliction or minority disability he is legally disqualified from being heard. See 25 Am. Jur. par. 87, page 57.

In the case of Carroll v. Carroll, 127 Fla. 226, 172 So. 916, this Court considered investments of the funds of a ward not authorized by statute and, in part, said:

"In the case of unauthorized investments of a minor's funds belonging to a guardianship trust, even when made in good faith, the guardian does so at his peril. His acts are always open to the rigid scrutiny of courts of equity, and it is the duty of such courts to see to it that the interests of minors shall not be rendered valueless by unauthorized dealings with guardianship trusts, even when done in actual good faith and for no fraudulent purpose in fact. Linton v. Walker, 8 Fla. 144, 71 Am. Dec. 105; Sanderson's Adm'r. v. Sanderson, 17 Fla. 820, text 861; Link v. Friou, 116 Fla. 337, 156 So. Rep. 719." See McBridge v. McBride, 142 Fla. 663, 195 So. 602; In the Matter of the Guardianship of Robert Ellsworth Firmin, 119 Fla. 396, 161 So. 555.

Counsel for appellee contends that the investment of the ward's funds in the building lot by the guardian should be approved for reasons viz: (a) the verbal approval of the County Judge was obtained prior to the investment; (b) the 1927 report of the guardian setting forth the details of the investment was approved by the County Judge in an order dated July 1, 1927; (c) the payment of $150.00 on the mortgage was reported and approved by the County Judge in an order dated July 27, 1931; (d) the guardian should not be surcharged with the loss after the orders of approval had been entered by the County Judge, and cases from Illinois and Indiana are cited; (e) the investment was made in good faith with the utmost honesty; (f) the objection of the ward is untimely and he is guilty of laches.

The answer to these several contentions is that the lot

was sold and the amount of the net loss determined on October 1, 1936 and reported on June 4, 1937, and on July 7, 1939 exception to the report was filed and later hearings had, when testimony was taken. The bona fides of the investment is apparent but made without statutory authority. Since the questioned investment was made by the guardian, the approved securities in which the funds of wards can or may be invested, by legislative enactment have been considerably expanded but fail to approve an investment similar to the one here involved. See Section 518.01 to 518.09, Florida Statutes 1941.

The order of the Circuit Court appealed from is hereby reversed with directions to reverse the order of the County Judge with directions to reopen and consider and disallow the items of $1234.12 and $150.00, with interest, as lawful items previously by the guardian charged against his ward, Sherman E. Nusbaum, nom compos mentis.

It is so ordered.

BROWN, C. J., TERRELL and THOMAS, JJ., concur.