CARROLL, Judge.
This is an appeal from an order of the probate court in Dade County striking and dismissing a petition to revoke probate of a will.
The testator Leon Garvey executed a will by which, after directing that his just debts and funeral expenses be paid, he devised and bequeathed ten per cent of his estate to the appellant, his brother Bernard Garvey, and the remainder of his property (ninety per cent) to another brother, Samuel Garvey; and named the two brothers as executors.
The will was duly offered, proved and admitted to probate. Thereafter, agreements not to contest the will were entered into between the two brothers and the children of a deceased brother. By such agreements the ten per cent share of Bernard Garvey was increased to seventeen per cent, the nieces and nephews (who were not provided for in the will) were awarded five per cent and Samuel Garvey’s interest was reduced accordingly from ninety per cent to seventy-eight per cent.
After the making of those agreements, the appellant Bernard Garvey filed a petition to revoke the probate of the will, alleging that upon investigation he “has learned, and so represents to the Court, that the will of Leon Garvey, dated the 4th day of September, 1961, was not executed nor acknowledged by the said Leon Garvey in the presence of the subscribing witnesses, and further that the witnesses did not subscribe in the presence of the testator or one another as is required by Florida Statute § 731.07.”
The co-executor Samuel Garvey moved to strike the petition to revoke probate, relying upon the agreement made by Bernard Garvey not to contest the will and attaching a copy of the agreement. Samuel Garvey also moved for an order removing Bernard Garvey as executor, on the ground that the petition taken by the latter in moving to revoke probate was inconsistent with his office as co-executor.
The order entered by the probate court contained the following recitations:
“The court finds that all of the heirs at law and next of kin of Leon Garvey, deceased, and all legatees and devisees under his will have entered into agreements not to contest the will of the said Leon Garvey, which agreements are recognized by this court, and by which the parties have thereby settled among themselves their respective interests in this estate and, accordingly, the courts finds that the said parties are barred and precluded from proceeding with any petition for revocation of probate of the will of the deceased in contesting its validity. * * * ”
*38 The contention of the appellant that the probate court was without jurisdiction to entertain, confirm and effectuate the agreement between the parties is without merits. See Wells v. Menn, 154 Fla. 173, 17 So.2d 217.
Also, we must reject the further contention of the appellant that the probate court committed error by recognizing and effectuating the agreement without a trial and evidentiary hearing. The agreements involved were entered into by all of those who would have taken under the will or by intestacy, and the challenge of the agreements in the probate court was not as to their execution or existence, but as to their legal effect.
No reversible error having been made to appear, the order appealed from should be and hereby is affirmed.
Affirmed.