199 So.2d 319 (1967)
In re ESTATE OF Ira D. POTTS, Deceased.
No. 7319.
District Court of Appeal of Florida. Second District.
May 17, 1967.
Rehearing Denied June 6, 1967.
Norman F. Solomon, Miami Beach, for appellant.
Robert E. Pyle, Clearwater, for appellee.
MAXWELL, OLIVER C., Associate Judge.
The appellant, executrix of decedent, appeals an Order of the County Judge of Pinellas County, Florida awarding appellee attorneys a fee of $750.00 "for their work in defending the appeal taken by the Executrix from the Order of this Court of December 13, 1965." The Order of December 13, 1965 awarded the same appellee attorneys "a partial attorney's fee in the amount of $1,500.00." When appeal was taken from *320 this Order the appellee attorneys moved to quash the appeal on the ground that the Order appealed from was not an appealable Order. This motion was granted.
No motion for attorney's fees was made in the Appellate Court as provided in appellate rule 3.16(e), 31 F.S.A. After the appeal was quashed the appellees sought a fee in the trial court and obtained the order from which this appeal is taken.
Appellant raises four points for reversal; (1) That the trial Court had no jurisdiction to award the fees for services rendered in the appellate court; (2) That an attorney is not entitled to fees for defending an appeal from an Order awarding him fees; (3) That inadequate notice was given of the fee hearing and; (4) That the fee was excessive.
We need only consider the first point on the ground that the court lacked authority to award the fee. The order appealed from clearly states that the fee was allowed "for their work in defending the appeal * * *."
Florida Appellate Rule 3.16(e) provides:
"e. Attorney's Fees. Where attorney's fees are allowable by law for services in the appellate court the request therefor shall be presented by motion filed with the clerk of the appellate court at or before the time of filing the party's first brief, and shall be disposed of at the time the case is disposed of on the merits, unless otherwise ordered by the Court. The motion for attorney's fees shall not be incorporated in the briefs or other bound papers but shall be filed on a separate paper. The trial court shall have full and complete power and authority upon due application to enforce the payment of fees allowed by the appellate court."
This Court has categorically stated that a trial court is without authority to fix attorney's fees for services rendered in the Appellate Court or the Supreme Court because of Appellate Rule 3.16(e).
In Howell v. Howell, Fla.App. 1966, 183 So.2d 261, the Court awarded fees to counsel for wife in a divorce suit for services rendered in the Appellate Court and Supreme Court as well as for services rendered in the last appearance before the Chancellor. In reversing the Order this Court said:
"* * * The trial court is without authority to fix attorney's fees for services rendered in the Appellate Court or the Supreme Court, Fla. Appellate Rule 3.16, subd. e, 31 F.S.A. The Order appealed refers to legal services rendered in the Second District Court of Appeal and the Supreme Court of Florida, and any fee fixed by the lower Court for such services is not valid. The first appeal and the certiorari taken thereon have been concluded and no attorney's fees having been fixed by the Court of Appeal or the Supreme Court, the right to attorney's fees in those proceedings has been terminated." * * *
The case of In re DuVal's Estate, Fla. App. 1965, 174 So.2d 580, cited by the appellee is not applicable to this point, since it did not involve fees for services in the Appellate Court.
The Order of the County Judge is reversed.
Appellees have filed motion for attorney's fees in this appeal. There is no basis for allowance of such fees. The fact that a statute authorizes the trial court to allow fees under certain circumstances does not, ipso facto, warrant the allowance of fees on appeal. See Boston Ins. Co. v. Smith, Fla.App. 1963, 149 So.2d 68, 69; John T. Wood Homes, Inc. v. Air Control Products, Inc., Fla.App. 1965, 177 So.2d 709. There is no showing here that appellees' services in the Appellate Court in any way benefited the estate. In Re DuVal's Estate, supra, while defense of attorneys' fees was involved the Court specifically found that *321 the attorneys had performed a valuable service to the estate in requiring a recalcitrant legal representative to perform his duties.
The motion for attorney's fees in this Court is denied.
SHANNON, Acting C.J., and PIERCE, J., concur.