BARKDULL, Judge.
The appellants, petitioners in the trial court, seek review of an order of the county judges’ court denying their petition for reasonable attorneys’ fees for legal services rendered by them, in successfully defending against an appeal taken by the appellee, Bernard Garvey, in a prior matter. See: In re Estate of Garvey, Fla.App.1967, 196 So.2d 36, cert. den. Fla., 201 So.2d 558. In this prior matter, the appellants did not file a motion for attorneys’ fees in this court pursuant to Rule 3.16, Florida Appellate Rules, 32 F.S.A. Upon remand, the appellants petitioned the county judges’ court for reasonable attorneys’ fees for the services rendered in the appellate court. After hearing on the motion, the county judge was of the opinion that the appellants were entitled to $7,500.00 as a reasonable fee, but he denied the motion on the ground that he was without authority to award fees for services rendered in the appellate court, pursuant to In re Estate of Potts, Fla.App.1967, 199 So.2d 319.
The appellants have preserved two points for review: (1) That this cause is distinguishable from the factual situation in In re Estate of Potts, supra, because of a supersedeas bond which had been issued in connection with the prior appeal, and (2) That the decision in In re Estate of Potts, supra, is contrary to the Constitution of the State of Florida which vest the jurisdiction in the probate court for settlement of all matters concerning estates. In view of the fact that we find merit in the second contention, we will not discuss the first.
We decline to follow the rule in In re Estate of Potts, supra, and hold that, pursuant to the provisions of Art. V, § 7(3), Constitution of the State of Florida, F.S.A., a probate court has the jurisdiction over the settlement of estates or decedents and to discharge the duties usually pertaining to courts of probate, among which is the allowance of fees. See: In re Warner’s Estate, 1948, 160 Fla. 460, 35 So.2d 296; In re DuVal’s Estate, Fla.App.1965, 174 So.2d 580. § 734.01 (2), Fla.Stat., F.S.A., provides that an attorney who renders services for an estate may apply to that court by petition for an order making an allowance of fees, as was done in the case at bar. This is part of the “settlement of estates or decedents” as to which probate courts have exclusive jurisdiction. See: In re DuVal’s Estate, supra. The impact of Rule 3.16, subd. e, Florida Appellate Rules, could not divest the county judges’ court of this jurisdiction. It is a rule of practice and procedure and cannot prevail over the substantive right accorded under the Constitution. See: Lundstrom v. Lyon, Fla.1956, 86 So.2d 771. Further, it is apparent that in the ordinary situation of a petition, pursuant to Rule 3.16, Florida Appellate Rules, the amount of the fee is adjudicated against the losing litigant ; whereas, when an attorney represents an estate in an appellate proceeding in most instances his fee is adjudicated against his client [the estate] in an amount commensurate with the services rendered.
There are many matters which must be taken into consideration in the settlement of an estate: the total amount of assets involved, the total amount of liquid assets involved, the total amount of work done, the total fees previously awarded, and many other matters which would be peculiarly within the jurisdiction of the probate judge in winding up an estate, and which would not necessarily be before an appellate court in fixing fees in an isolated part of an estate proceeding.
We therefore reverse the order here under review, and hold that the county judge had the authority to enter *792 tain the order to fix fees for appellate services rendered on behalf of an estate in “settling an estate”. However, this opinion is not to be construed as interfering with the right of an appellate court to adjudicate fees pursuant to Rule 3.16, Florida Appellate Rules, against an adverse party when an estate is successful in an appellate matter.
Reversed and remanded for further proceedings not inconsistent herewith.