DREW, Justice.
The petition for certiorari in this case seeks review of a decision of the Third District Court of Appeal, 212 So.2d 790, holding that the award of attorney’s fees against a decedent’s estate for services to the estate in an appellate court “is part of the ‘settlement of estates of decedents’ as to which probate courts have exclusive jurisdiction.” The writ of certiorari has been issued on the ground of conflict between this decision and that in In re Potts’ Estate, Fla.App.2nd Dist.1967, 199 So.2d 319, 320, holding that even in the case of a claim for fees against an estate under F.S. Sec. 734.01(2), F.S.A., a probate court, like other trial courts, “is without authority to fix áttorney’s fees for services rendered in the Appellate Court or the Supreme Court because of Appellate Rule 3.16 (e) [32 F.S.A.].”
The pertinent provision of the Rule is: “Where attorney’s fees are allowable by law for services in the appellate court the request therefor shall be presented by motion filed with the clerk of the appellate court * * (emphasis supplied)
We conclude that in the situation before the court in the present, case, the rule first above quoted was properly applied. Several factual distinctions may be made between the cases, and we need not at this point consider the propriety vel non of the rejection of fees in the Potts case. The court in that case, however, was in error in ascribing to Appellate Rule 3.16(e) an intent to supersede the statute governing award of fees for services to an estate, and in finding such an award for services in an appeal to be contingent on motion in the appellate court. The fees “allowable by law” under the Rule are those properly allowable by an appellate court, and we find no expressed or implied intent that the probate court be divested of its authority under the Constitution[1] and statutes applicable here.
The claim, in the present case, was for services to the estate in defending an appeal by a party seeking revocation of probate. With the qualification stated in the opinion below, preserving the right of appellate courts to adjudicate fees allowable against adverse parties under the Rule, we find the decision should be sustained.
The writ is accordingly discharged.
ERVIN, C. J., and ROBERTS, THOR-NAL and CALDWELL (Retired), JJ„ concur.

. Art. V, Sec. 7(3), Fla.Const., F.S.A.