## SHAPIRO v. STATE.
No. 75-33027.

Circuit Court, Dade County, Criminal Appeal.

May 26, 1976.

Arnold Ginsberg of Horton, Perse & Ginsberg, Miami, for the appellant.

Richard E. Gerstein, State Attorney, Joseph P. Durant, Ass't. State Attorney for the appellee.

ALAN R. SCHWARTZ, Circuit Judge.

*Final order of affirmance:* The defendant appeals from a conviction after a non-jury trial, for improper lane change and for rendering a false report of an accident, in violation of F.S. 316.067.

The primary thrust of this appeal challenges the latter conviction on the ground in effect, that there can *never* be a conviction under the statute for giving such a false report because of the provisions of F.S. 316.066 which requires that such reports be made. Subsection (4), which is relied upon here, states that

> "No such report shall be used as evidence in any trial, civil or criminal, *arising out of an accident, . . .*"
>
> (Emphasis supplied)

The court has concluded that there is no merit in the defendant's contention.

The very purpose of the statutory privilege cited by the defendant is to permit a person, such as Mr. Shapiro, to give correct, even if incriminating, information concerning an accident to the investigating officials — for the purpose of formulating accurate infor-

mation and statistics concerning motor vehicle accidents in our state—without fear that the report may later be used against him in any civil or criminal case arising out of the accident itself. State v. Coffey, Fla. 1968, 212 So.2d 632. It seems clear that since such a privilege has been granted, the defendant is surely not privileged knowingly to give *false* information concerning the occurrence. Gordon v. State, Fla. 1958, 104 So.2d 524, so holds in a situation conceptually indistinguishable from this one. In essence, this case is *not* one "arising out of accident . . ." to which the privilege applies; rather, it is one "arising out of" the giving of a report, albeit a statutorily required one, *concerning* the accident. Since there is no question concerning the sufficiency of the evidence that the defendant's report was in fact knowingly, falsely made, the defendant's attack upon his conviction for the false report offense cannot be accepted.

The defendant also claims error in the trial court's denial of his motion for continuance. This court concludes that no abuse of discretion has been demonstrated.

Accordingly, the judgment below is affirmed.