## SALOME v. STATE.
No. AP-76-7.

Circuit Court, Dade County, Criminal Appeal.

October 1, 1976.

Kurt Haas and Linda Dakis of Levenstein, Burke & Associates, Miami, for the appellant.

Richard E. Gerstein, State Attorney, John Durant, Assistant State Attorney, for the appellee.

ALAN R. SCHWARTZ, Circuit Judge.

The only evidence introduced against the appellant as to the traffic offense of which he was convicted below was the accident report rendered by him, as required by F.S. §316.066(1). The report was read into evidence by the investigating police officer, who did not himself witness the accident in question. The contents of the report were admitted into evidence under the provisions of Traffic Rule 6.460, promulgated by the Supreme Court of Florida. This provision, adopted by the Supreme Court purportedly in compliance with its constitutional power under Article V, Section 2(a) of the Florida Constitution, specifically provides for the admissibility of the report in question. Sub-section 4 of F.S. §316.066 — the same section which requires that such reports be made — specifically provides, however, directly to the contrary. It states that

> "No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident,..."

It is obvious that a direct and irreconcilable conflict exists between the two provisions.

It is the court's conclusion that the traffic rule in question does *not*, properly viewed, deal with an issue relating to "practice and procedure in all courts..." within the constitutional rule-making power of the Supreme Court, and must therefore be deemed invalid and unenforceable in the face of the contrary statutory provision. As the Supreme Court itself recently held, in invalidating a rule of criminal procedure which it had promulgated in Benyard v. Wainwright, Fla. 1975, 322 So. 2d 473, 475-476 —

> *"Substantive law prescribes the duties and rights under our system of government.* The responsibility to make substantive law is in the legislature within the limits of the state and federal constitutions. Procedural law concerns the means and method to apply and enforce those duties and rights. Procedural rules concerning the judicial branch are the responsibility of this Court, subject to repeal by the legislature in accordance with our constitutional provisions. See In re Clarification of Florida Rules of Practice and Procedure, 281 So. 2d 204 (Fla. 1973); In re Florida Rules of Criminal Procedure, 272 So. 2d 65, amended 272 So. 2d 513 (Fla. 1973). *(Italics added.)*

"Our Rule of Criminal Procedure 3.722. is not controlling because of its substantive nature and must be revoked or amended to conform with the statute."

It seems clear that, within this definition, the statutory provisions concerning the rendering of accident reports and the testimonial privilege conferred in return deal with "duties and rights under our system of government . . .". The legislature has prescribed the *duty* of a motorist involved in an accident to render a report; a failure to comply with this duty may be punishable as a misdemeanor under F.S. §316.061.[1] In return, in effect, it has conferred upon the reporting motorist the *right* to have that report treated as an entirely privileged communication which may not be used against him in any other legal proceeding. It seems apparent that the very purpose of the statutory privilege, which is to facilitate the formulation of accurate information and statistics concerning motor vehicle accidents in our state by obviating the danger that an accurate report may later be used against the motorist in question, State v. Coffey, Fla. 1968, 212 So. 2d 632, would be entirely destroyed, and the legislature's substantive scheme entirely dissipated were the rule rather than the statute, to control. Particularly since the statutory privilege is also rooted in the *constitutional* right against self-incrimination, Wise v. Western Union Telegraph Co., Fla. App. 1st 1965, 177 So. 2d 765, 767, the contrary rule must be read as dealing with a matter of substance rather than one merely of procedure.[2] Therefore, as was held in Benyard v. Wainright, supra, In re Garvey's Estate, Fla. App. 3d 1965, 212 So. 2d 790, and State v. Furen, Fla. 1960, 118 So. 2d 6, 12 —

"The rule exceeds the scope of practice and procedure . . . and must yield to the provisions of the statute. The substantive rights under the statute are greater than under the rule."

---

1. A failure to make a *truthful* report involves a criminal violation of F.S. §316.067. See Shapiro v. State, Cir. Ct., Dade County, Appeal No. 75-33027, filed May 26, 1976. [44 Fla. Supp. 46]

2. There is no need to discuss the much mooted issue of whether rules of evidence generally are "substantive or "procedural" in character. It is enough to say here that the statutory privilege in question here is plainly based upon the conferring substantive duties and rights upon citizens by the legislature.

Since the only evidence against the defendant was the thus *inadmissible* traffic report, the judgment below is reversed with directions to discharge the defendant.[3]

---

3.  Of course, the issue decided in this case is one of great significance and will be the subject of a petition for writ of certiorari to the Third District Court of Appeal and, perhaps of subsequent proceedings in the Supreme Court.

Should this court's determination eventually be reversed, the cause will stand reversed and remanded *for a new trial* before another "official." This is so because of the blatant unfairness demonstrated by the court below against the defendant and his counsel. There is no need to belabor the facts as to this issue. It is enough to say that counsel for the appellant below, who had represented the plaintiff in a bitter civil case against the trial judge, had suggested that the trial judge recuse himself in this proceeding. After the trial judge had sent the attorney to prepare a written motion to this effect, he proceeded to try the defendant in counsel's absence. It is an understatement to hold that this should not have occurred, and that the proceedings below were therefore fundamentally unfair.