384 So.2d 274 (1980)
In re ESTATE OF Marguerite CROSLEY, Deceased.
No. 78-2405.
District Court of Appeal of Florida, Fourth District.
June 11, 1980.
*275 Joel T. Daves, III, of Burdick & Daves, and R.K. Kramer, West Palm Beach, for appellant.
Joe N. Unger of Law Offices of Joe N. Unger and Samuel S. Smith of Smith, Mandler, Smith, Werner, Jacobwitz & Fried, Miami Beach, for appellee-Jeannine Bovendeerd.
DOWNEY, Judge.
This is an appeal from a final judgment determining heirs and beneficiaries in the Estate of Marguerite Crosley, deceased.
The appellant, Leonard D. Crosley, is the stepson of the deceased, being the only living child of Garrett D. Crosley, the predeceased spouse of Marguerite Crosley. Leonard claims there are no other heirs or blood relatives of Marguerite Crosley, and thus he is the sole living heir pursuant to Section 732.103(5), Florida Statutes (1977).
During the course of the administration, Jeannine Bovendeerd, a resident of Belgium, claimed that she is a blood relative to the deceased and, as such, entitled to inherit the estate. Leonard filed a petition for determination of heirs and beneficiaries. In due course, the trial court entered a summary final judgment determining that Jeannine was the first cousin once removed of the decedent and entitled to inherit her estate pursuant to Section 732.103(4), Florida Statutes (1977).
Leonard's first contention on appeal is that the trial court committed reversible error in not allowing him to take the deposition of Jeannine in Palm Beach County. The trial court entered a protective order prohibiting the taking of Jeannine's deposition except for good cause. However, other forms of discovery were available to Leonard, *276 and he did propound interrogatories to Jeannine. Therefore, reversible error has not been demonstrated in this regard.
Appellant also contends that summary judgment was improper because the evidence adduced by Jeannine was inadequate to prove Jeannine's relationship to the deceased.
There are three types of evidence in the record which the court considered in arriving at the summary judgment: Jeannine's answers to interrogatories; an affidavit filed by Jeannine; and some official documents from Belgium. We do not believe the foregoing evidence is sufficient to enable the court to enter the judgment under consideration. The answers to interrogatories furnish a good deal of information regarding Jeannine's relatives, but they simply do not prove that there is no genuine issue of material fact that Jeannine is the first cousin of the deceased. Furthermore, the authentication of the official documents offered in evidence at the hearing on the motion for summary judgment is insufficient to make them admissible in evidence. Section 92.032, Florida Statutes (1977), authorizes the introduction into evidence of official foreign documents when: 1) the documents are certified by the lawful custodian thereof; 2) the documents are accompanied by a certificate of an official of the foreign government that the lawful custodian has certified the copies; and 3) the certificate of the foreign official is authenticated by a consular officer of the United States, resident in such foreign country, certifying that the official signing is truly an official of such foreign government and his signature is genuine. These documents would not be admissible at trial in their present form because the record does not clearly show they were certified by their lawful custodian nor that they were accompanied by the appropriate certificate of an official of the Belgian government. The documents were thus not properly authenticated pursuant to Section 92.032. Therefore, it was improper for the trial court to consider them.
Finally, there is the affidavit filed by Jeannine in which she purports to describe that part of her family tree which would demonstrate her relationship to the deceased. In many cases there is a great deal of laxity exhibited in the form of affidavits used in support of motions for summary judgment. However, Florida Rule of Civil Procedure 1.510(e), provides, among other things, that affidavits in support of motions for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein." There is no statement in Jeannine's affidavit from which court could determine that the affidavit is made on personal knowledge, or that Jeannine is competent to testify to the family history set in the affidavit. These deficiencies make the affidavit an insufficient basis to support the summary judgment in this case. See Silber v. Campus Sweater & Sportswear, 313 So.2d 409 (Fla. 1st DCA 1975); Hurricane Boats, Inc. v. Certified Indus. Fab., Inc., 246 So.2d 174 (Fla.3d DCA 1971); Antonio v. Barnes, 464 F.2d 584 (5th Cir.1972).
At first blush our holding as to the affidavit might appear somewhat technical; however, this is a classical case for the imposition of the strictures of Florida Rule of Civil Procedure 1.510(e). Had the affidavit comported with Rule 1.510(e), Jeannine might well have taken the entire estate based solely on her affidavit. In the present posture of the case Leonard is defenseless against any competent evidence Jeannine can adduce to support her claim. Thus, the trial court should be vigilant that no inadmissible proof (such as Jeannine's affidavit in its present form and the Belgian official documents in their present form) be considered.
In view of the foregoing, the entry of summary judgment for Jeannine on the record presented was error.
Appellant filed a motion for an allowance of attorneys' fees against the estate, relying on Rule 9.400, Florida Rules of *277 Appellate Procedure and § 733.106, Florida Statutes (1977). This Court is without jurisdiction to award fees under that statute, which is solely the province of the probate court. Garvey v. Garvey, 219 So.2d 685 (Fla. 1969). Such an award by the probate court is subject to review in the ordinary manner. In re Estate of Bridges, 282 So.2d 197 (Fla. 1st DCA 1973). Rule 9.400 contemplates an allowance of attorneys fees in favor of the prevailing party to be paid by the unsuccessful party and then only if otherwise authorized by substantive law. Accordingly appellant's motion is denied without prejudice to his right to petition the probate court for an allowance of attorneys' fees for prosecuting this appeal.
REVERSED AND REMANDED for further proceedings.
ANSTEAD and HERSEY, JJ., concur.