MICKLE, Judge.
This appeal and cross-appeal are taken from an order of the lower court concerning objections filed in response to a final estate accounting. Appellant, an interested beneficiary, initially filed fifteen objections to the accounting. This number was eventually reduced to five which were the subject of the hearing below and which constitute, respectively, the instant points on appeal. Namely, appellant asserted below that: (1) the accounting failed to balance and did not properly show all transactions in the estate; (2) the losses incurred in the operation of the decedent’s business should not have been borne by the estate; (3) appellee’s commission of $18,000.00 was excessive and undocumented; (4) appellee should be held personally liable for estate tax penalties incurred due to late filing; (5) the funding of the credit shelter trust in the amount of $600,000.00 should have included accrued interest; and (6) the Bay Bank and Trust Company mortgage debt should not have been borne by the estate.
The lower court summarily overruled the first five objections, from which appellant appeals. The lower court sustained objection six and ordered appellee to reimburse the estate, from which appellee cross-appeals. No error having been demonstrated as to the lower court’s disposition of objections five and six (cross-appeal), we affirm these points without discussion. As to the remaining points on appeal, we reverse and remand as set forth below.
The following facts are pertinent to this appeal. Mildred Gray died on March 9,1989, leaving behind a sizeable estate. Prior to her death, an estate plan had been devised consisting primarily of a will and a revocable trust. Created within the revocable trust were a credit shelter trust, an insurance trust, and a marital trust. Designated as beneficiaries were decedent’s spouse, daughter (appellant), son (appellee), and another son. Appellee was appointed as personal representative.[1] Administration began on March 15, 1989.
While the estate administration was underway, appellee filed a petition to continue the operation of the Charisma Gift Shop, a business which had been operated by decedent during her lifetime. Consents to continue the business were thereafter filed by all beneficiaries, including appellant, and the lower court subsequently entered an order authorizing continuation of the business. Appellee *973 was specifically ordered to file a report of operation if the business failed to operate profitably.
Approximately two and one-half years after estate administration had begun, appellee submitted a final accounting and petition for discharge, attaching a schedule of distribution. Included in the list of proposed charges to the estate was a claim for $18,-000.00 to be paid appellee for services performed as personal representative. Also debited to the estate was the approximate amount of $12,000.00 attributable to business losses of the gift shop. Notably, the record reveals no previous notification to the court by appellee that the gift shop was not operating profitably.
As her first objection below, appellant asserted that the final accounting failed to balance and contained numerous summary entries, in noncompliance with the standards prescribed in Fla.Prob.R. 5.346. No testimony was adduced below from appellee specifically regarding the alleged mathematical errors, entries and imbalances. This objection, however, was summarily overruled. Our review of the final accounting reveals several imbalances. In light of such, and given the complex nature of this estate, we feel compelled to reverse that portion of the lower court’s order overruling this objection, and to remand with instructions that the lower court determine the extent of any and all accounting errors and deficiencies and issue findings of fact therewith. Following that, the lower court shall rule upon appellee’s accountability for such and the need, if any, for the filing of an amended accounting.
Next, appellant claims that the lower court erred in failing to order appellee to reimburse the estate in the amount extracted to cover the losses from the operation of the gift shop. We agree. The terms of decedent’s testamentary instruments clearly provide that any business losses incurred through the operation of the gift shop are not to be sustained by the estate. First, Article Y of decedent’s will provides:
a. My Personal Representative shall have the power and is authorized to enter upon and take possession of my estate, to collect the income and profits from the property and to invest and reinvest the estate in real, personal or mixed assets in accordance with its judgment not being limited by any present or future investment law; to continue any business for such time as in the sole and uncontrolled discretion of my Personal Representative is deemed advisable and appropriate using the assets devoted to the business at the time of my death:
[[Image here]]
Next, Article IV of the second amendment to the revocable trust was amended to provide:
B. As soon as practicable after the death of the GRANTOR, the SUCCESSOR TRUSTEE shall distribute the following specific bequests to the beneficiaries indicated. ...
1. To GRANTOR’S son, MILTON GRAY, GRANTOR’S interest (either receivable from GRANTOR’S probate estate or held in this trust) in “CHARISMA GIFT SHOP,” including all merchandise, furniture, fixtures and equipment and all other assets thereof, including goodwill together with the building and real estate on which it is located.”
[[Image here]]
8. Notwithstanding anything to the contrary, all gifts outlined in ARTICLE ■ VI shall be subject to any and all mortgages encumbering same. It is GRANTOR’S intention that assets of the estate not be applied to reduce or eliminate any outstanding indebtedness on such bequest.
Although decedent did not specifically establish who was to be liable for expenses and businesses losses of the gift shop, we conclude that the aforementioned language evinces an intent that distribution of this business was to occur expediently and that appellee was and is to personally bear its losses. We are not convinced by appellee’s argument that decedent provided for the ap-pellee’s interest in the gift shop to vest at a later date in time than her death. Accordingly, we reverse and remand with directions that appellee be ordered to reimburse the *974 estate in the amount previously charged for these losses.
As her third objection and point on appeal, appellant asserts that appellee failed to timely file an estate tax return or submit a request for extension of time within which to file said return for the year 1989, resulting in the assessment of two penalties, one a late filing charge in the amount of $3,475.90, and the other a late payment penalty in the amount of $545.14. Appellee did not testify at the hearing below regarding his action or inaction in this regard. There was some evidence adduced that the certified accountant initially retained by appellee for the purpose of preparing the estate tax return was personally negligent in failing to timely file the return. Again, the lower court overruled this objection without comment as to appellee’s own responsibility for late filing. Without ample record support for the lower court’s ruling, we must reverse and remand with directions that the lower court conduct further proceedings, if necessary, and to issue a determination regarding the personal liability of appellee in occasioning the assessment of these tax penalties.[2]
Finally, we address appellant’s claim that the lower court erred in overruling her objection regarding appellee’s personal representative fees. Appellee posits essentially that since appellant did not submit this objection below specifically pursuant to section 733.6175, Florida Statutes (1991), appellee was under no duty to provide evidence regarding the reasonableness of his compensation. We disagree and hold that upon appellant’s objection filed below, whether it be deemed filed pursuant to the aforementioned statutory section or pursuant to Fla.Prob.R. 5.401, it was incumbent upon the lower court to take evidence regarding the reasonableness of the $18,000.00 compensation charge. We therefore reverse and remand to the lower court to conduct an evidentiary hearing regarding the reasonableness of appellee’s fees, taking into account the criteria established in section 733.617, Florida Statutes
(1991). In re Estate of Platt, 586 So.2d 328 (Fla.1991).
Appellant petitioned this court for attorney’s fees for services rendered in this appeal pursuant to Fla.R.App.P. 9.400 and section 733.106, Florida Statutes (1991). We are without jurisdiction to award same and therefore deny appellant’s motion without prejudice to her right to petition the probate court for an allowance of attorney’s fees for prosecuting this appeal. Bissmeyer v. Southeast Bank, 596 So.2d 678 (Fla. 2d DCA1991), rev. denied, 599 So.2d 654 (Fla.1992); In re Estate of Udell, 501 So.2d 1286 (Fla. 4th DCA1986); In re Estate of Crosley, 384 So.2d 274 (Fla. 4th DCA1980).
AFFIRMED IN PART; REVERSED IN PART and REMANDED for further proceedings consistent herewith.
MINER and WEBSTER, JJ., concur.

. The will appointed decedent’s spouse as personal representative and appellee as successor personal representative. Decedent's spouse signed a renunciation of his right to serve in favor of appellee.

. Attached as a supplement to the record on appeal is a copy of a U.S. Treasury check, dated November 17, 1992, in the amount of $4,851.79, allegedly representing a refund to the estate for penalties occasioned by the neglect of the original accountant retained by appellee. Inasmuch as there is no indication that the court below was presented with this evidence, we decline to consider it on appeal.