701 So.2d 107 (1997)
SunTRUST BANK, NATURE COAST, etc., Appellant/Cross-Appellee,
v.
GUARDIANSHIP OF Donald NICHOLS, Appellee/Cross-Appellant.
No. 96-898.
District Court of Appeal of Florida, Fifth District.
October 3, 1997.
Rehearing Denied November 5, 1997.
Charlie Luckie, Jr., and E. David Tyner of McGee, Luckie & Dayton, P.A., Brooksville, for Appellant/Cross-Appellee.
Gene H. Auvil of Gene H. Auvil, P.A., Brooksville, for Appellee/Cross-Appellant.
THOMPSON, Judge.
In this appeal, SunTrust Bank, Nature Coast ("SunTrust"), personal representative of the estate of Donald Nichols ("Nichols"), appeals orders awarding John G. Jones ("Jones"), Nichols' former guardian, attorney's fees arising out of the guardianship and administration of Nichols' estate after he died. Specifically, SunTrust objects to any award of fees for services rendered before 7 December 1990 in connection with efforts to build a house for Nichols. SunTrust also appeals the fees awarded for finding and filing Nichols' will for probate. Jones cross-appeals and contends that the trial court erred in denying the request for fees unrelated to the home plan and in denying attorney's fees for prosecuting an earlier appeal. We affirm in part and reverse in part.
This is the second appearance of this case regarding fees paid to Jones and to the attorney representing Jones for services and costs rendered in connection with a home care plan for Nichols. See Sun Bank and Trust Co. v. Jones, 645 So.2d 1008 (Fla. 5th DCA 1994), rev. denied, 658 So.2d 991 (Fla.1995). In the first appeal, this court held that the trial court could not authorize the sale of land owned by the guardian to the ward because section 744.441(4), Florida Statutes, bars direct sales of real estate from a guardian to a ward under any circumstances. Since a guardian and an attorney representing a guardian cannot charge a ward fees for unauthorized services rendered, if the personal representative objects, any payments to them can be recovered. Id. at 1019. This *108 court remanded for further proceedings consistent with the opinion, id., and by separate order denied without comment the guardian's motion for appellate fees.
First, we address the fees authorized by the trial court for work done on the home plan before 7 December 1990. This court's previous opinion is clear that no fees may be awarded for the work done by the guardian and the lawyer representing the guardian before or after 7 December because a conflict of interest existed between the guardian and Nichols, and there was no court approval. This court held:
We thus conclude that the "home plan" in this case is a transaction prohibited by section 744.441(14) because Jones and his wife own the real estate proposed to be sold to Jones' ward, [Nichols]. This transaction could not have been authorized by any court order, even if one had been entered. Unauthorized investment by guardians are made at their own peril. Redfe[a]rn, Wills and Administration in Florida Sec. 25-29.
It follows that a guardian and [an] attorney representing a guardian cannot charge a ward fees for unauthorized services rendered. But, even if court authorization might permit payment for such services, as noted above, Jones and his attorney operated in this guardianship case since December, 1990 without any court approval or authorization to implement the "home plan." Thus, any services rendered in carrying it out, be it by Jones as the guardian, or by Jones' attorney, can be objected to by [Nichols'] personal representative, and disallowed by the court. And any payments made to them for this purpose can be recovered.

(emphasis supplied, footnotes omitted). Id. at 1018-19.
Jones argues that he is entitled to fees for work done prior to 7 December because an order approving the plan was then in effect. We disagree. The previous opinion held that a guardian is not entitled to attorney's fees even after obtaining court approval of an otherwise inappropriate transaction. Jones also argues that this court's prior opinion disallows fees only if the home plan was implemented or carried out. Further, since the plan was not implemented or carried out, properly documented fees for work done before 7 December should be paid. We again answer no fees should be paid.
In In re Nusbaum's Guardianship, 152 Fla. 31, 10 So.2d 661 (Fla.1942), the guardian obtained oral approval from the court to purchase real property for the ward, which purchase was not allowed by statute. Notwithstanding the lower court's approval, the supreme court required the guardian to pay the guardianship damages for the reduction in value of the real property after the collapse of the Florida land boom. The court stated:
In this case of unauthorized investments of a minor's funds belonging to a guardianship trust, even when made in good faith, the guardian does so at his peril. His acts are always open to the rigid scrutiny of courts of equity, and it is the duty of such courts to see to it that the interests of minors shall not be rendered valueless by unauthorized dealings with guardianship trusts, even when done in actual good faith and for no fraudulent purpose in fact.
Id., 10 So.2d at 661-662.
We think the rule applies here. Although the trial court in the instant case approved the home plan prior to 7 December, the inherent conflict between the ward and the guardian requires that the guardian or his attorney receive no compensation for their work. Id. Further, although the home plan was never put into effect, this court previously held that the guardian was not entitled to fees for services or attorney's fees for implementing or carrying out the home plan. We hold that removing impediments to the plan, such as the opposition of Nichols' daughter-in-law and the state attorney, constitutes implementing the plan. Therefore, the portion of the trial court's order awarding the guardian fees for services related to the home plan prior to 7 December 1990 is reversed.
Second, we address the issue of appellate fees. Jones requested and was denied appellate fees by this court for prosecuting the former appeal. After remand, the trial court also denied appellate fees, ruling it *109 had no jurisdiction to award appellate fees because this court had denied the same motion "without remand." Citing In re Estate of Gray, 626 So.2d 971 (Fla. 1st DCA 1993), Jones argues that the trial court has exclusive jurisdiction to determine and award appellate attorney's fees and erred when it did not award fees. See also Bissmeyer v. Southeast Bank N.A., 596 So.2d 678 (Fla. 2d DCA 1991), rev. denied, 599 So.2d 654 (Fla. 1992) and In re Estate of Udell, 501 So.2d 1286 (Fla. 4th DCA 1986). We hold that the trial court was correct. The supreme court reviewed In re Estate of Garvey, 212 So.2d 790 (Fla. 3d DCA 1968) (Garvey I), in Garvey v. Garvey, 219 So.2d 685 (Fla.1969)(Garvey II), for conflict with In re Estate of Potts, 199 So.2d 319 (Fla. 2d DCA 1967), and held that the probate court has jurisdiction to award attorney's fees for services rendered on appeal in most instances. In Potts, the administrator of a decedent's estate appealed an award, entered by the County Judge of Pinellas County, of attorney's fees incurred in a previous appeal. The supreme court held the Potts court erred in concluding that an award of fees for services rendered on appeal is contingent on a motion in the appellate court. The court stated:
The fees "allowable by law" under the Rule [former Florida Appellate Rule 3.16(c)] are those properly allowable by an appellate court, and we find no expressed or implied intent that the probate court be divested of its authority under the Constitution and statutes applicable here.
Id. at 686 (citing Art. V, § 7(3), Fla. Const. (1868)). The currently applicable constitutional provision, Article V, section 20(c)(3),[1] is similar to the provision in the 1868 constitution, so there would seem to be no constitutional impediment to continued application of Garvey II. However, and most important in this case, the Garvey II court further agreed that under the rule, the appellate court could adjudicate fees against an adverse party when the estate is successful in an appellate matter. Id. In this case, the guardianship, through the personal representative, succeeded in defending against Jones' prior appeal. Jones' appeal did not benefit the guardianship but rather caused the guardian and his attorney to repay fees to the guardianship. It would be illogical to award Jones attorney fees for forcing litigation and the expenditure of guardianship funds. See In re Estate of Udell, (holding the appellate court may deny fees if the appellate action did not benefit the estate.)
Finally, SunTrust also argues that the trial court erred when it awarded Jones attorney's fees for finding and filing Nichols' most current will for probate. We agree because Jones had no standing in the probate case. See In re Estate of Lewis, 411 So.2d 368 (Fla. 4th DCA 1982). After his death, Nichols' daughter-in-law submitted for probate Nichols' purported last will, which named her administrator. After Jones reviewed the will, he filed a petition to revoke the will because, he alleged, as guardian, he was aware that the will did not reflect Nichols' last wishes. After a search of Nichols' personal belongings, Jones and his attorney were able to locate the second will which they submitted to the trial court. The trial court revoked probate of the first will, admitted the second will, revoked the daughter-in-law's letters of administration, and appointed the Sun Bank[2] personal representative. At the attorney's fees hearing in the guardianship case, the court awarded Jones attorney's fees for his efforts in the estate case.
Jones argues that because he submitted the proper will for probate, he brought a benefit to the estate and he should be compensated. We disagree. Nichols was deceased at the time the guardian sought to revoke probate of the first will, but the guardian was an interloper in the estate case. The guardian did not have standing under either section 733.109(1),[3] or section *110 731.201(21)[4], because neither the guardian nor the ward had an interest in the outcome of the estate case. See Shriners Hospitals for Crippled Children v. Zrillic, 563 So.2d 64 (Fla.1990); Engelberg v. Birnbaum, 580 So.2d 828 (Fla. 4th DCA 1991), Cates v. Fricker, 529 So.2d 1253 (Fla. 2d DCA 1988). Accordingly, because the guardian was an interloper in a case in which he lacked standing, he was not entitled to attorney's fees and the trial court's order in this regard is reversed.
AFFIRMED in part; REVERSED in part.
HARRIS, J., concurs.
DAUKSCH, J., dissents without opinion.
NOTES
[1] Circuit courts shall have jurisdiction of ... proceedings relative to the settlement of the estates of decedents and minors, the granting of letters testamentary, guardianship, involuntary hospitalization, the determination of incompetency, and other jurisdiction usually pertaining to courts of probate.
[2] SunTrust is corporate successor to Sun Bank.
[3] (1) Any interested person, including a beneficiary under a prior will, except those barred under Sec. 733.212 or Sec. 733.2123, may, before final discharge of the personal representative, petition the court in which the will was admitted to probate for revocation of probate.
[4] (21) "Interested person" means any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved. In any proceeding affecting the estate or the rights of a beneficiary in the estate, the personal representative of the estate shall be deemed to be an interested person. In any proceeding affecting the expenses of the administration of the estate, or any claims described in Sec. 733.702(1), the trustee of a trust described in Sec. 733.707(3) is an interested person in the administration of the grantor's estate. The term does not include an heir at law or a devisee who has received his distribution. The meaning, as it relates to particular persons, may vary from time to time and must be determined according to the particular purpose of, and matter involved in, any proceedings.