DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROSALYN BRONSTEIN** and **ELLA BRONSTEIN,**
Appellants,

v.

**BRUCE BRONSTEIN,** as the Personal Representative of
the **ESTATE OF KATHERINE S. BRONSTEIN,**
Appellee.

No. 4D20-2661

[December 22, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Dina Keever-Agrama, Judge; L.T. Case No. 50-2013-CP-001807-XXXX-NB.

John P. Morrissey of John P. Morrissey, P.A., West Palm Beach, and Robert B. Scarlett of Scarlett & Croll, P.A., Baltimore, Maryland, for appellants.

Anya Van Veen, Brett C. Barner and Robb W. Armstrong of Barner & Barner, P.A., Palm Beach Gardens, for appellee.

WARNER, J.

In proceedings regarding the final distributions from a trust, the probate court directed that appellate attorney's fees incurred by the trustee in a failed appeal could be paid by the trust, and attorney's fees incurred in litigating the objections to accountings and the trustee's compensation could also be paid by the trust. Two trust beneficiaries appeal. We reverse in part, concluding that the appeal for which the fees were incurred provided no benefit to the trust and the trustee, who was also a beneficiary of the trust, was acting solely for his own benefit.

In April 2013, the decedent Katherine Bronstein passed away leaving behind her children Bruce, Rosalyn, and Ella. In existence at the time of her death was the Katherine S. Bronstein Revocable Trust which became irrevocable upon her death. The trust instrument appointed Bruce to serve as successor trustee upon the decedent's death, and named Bruce and his sisters as beneficiaries. The trust divided the decedent's assets

between her children in the following proportions: Bruce (40%), Ella (30%), and Rosalyn (30%).

The sisters filed multiple actions, petitions, and motions against Bruce in various capacities. In November 2014, the parties entered into a settlement agreement and mutual release resolving all pending disputes between the siblings. The agreement covered all the current litigation between the parties, but the agreement expressly did not release Bruce as trustee from his obligations involved in closing the estate and trust, including providing accountings and distribution of monies and assets of the estate and trust. The agreement contained an attorney's fee provision which provided that the prevailing party to "[a]ny action arising out of or under this Settlement Agreement and Mutual Release" "shall be entitled to an award of all costs and expenses in such action including but not limited to court costs, discovery costs, expert witness fees and reasonable attorneys' fees for all levels including appellate." The parties executed the various releases contemplated by the settlement agreement.

In December 2014, Bruce distributed about 90% of the assets in the trust, and in 2015, he served three accountings on the sisters. The sisters then moved to appoint an independent accounting auditor for the estate and the trust. They alleged Bruce's accountings were inaccurate or incomplete. Additionally, the sisters alleged that certain expenses could not be verified. After a hearing on the various motions, the trial court denied relief. Bruce moved for attorney's fees, both pursuant to the settlement agreement and pursuant to section 736.1005(1), Florida Statutes (2019), which authorizes the probate court to award fees to an attorney who has rendered services to the trust. Bruce requested that the fees be assessed against the sisters' shares pursuant to section 736.1005(2)(a). The trial court entered an order determining the amount of fees and assessed the fees equally against each party's respective shares of the trust. It did not award prevailing party fees.

Bruce appealed the order contending that pursuant to the settlement agreement he was the prevailing party, and all of the fees should be assessed against the sisters. The sisters argued that the litigation regarding the audit was not covered by the settlement agreement, because it expressly exempted from its terms the obligations of Bruce as trustee in closing the estate and trust and providing accountings. This court affirmed without opinion. *See Bronstein v. Bronstein*, 227 So. 3d 589 (Fla. 4th DCA 2017) (unpublished table decision).

Bruce filed a motion for appellate attorney's fees, requesting fees pursuant to the settlement agreement and pursuant to section 736.1005. This court denied the motion for attorney's fees.

Following the appeal, Bruce served the sisters with two more accountings of the trust for 2016 and 2017. The 2017 accounting included the attorney's fees incurred for Bruce's appeal of the attorney's fees award in the prior proceeding which Bruce sought to charge to the trust. The sisters objected to both accountings. In 2019, the sisters filed a motion to compel an accounting of the trust for the period from 2017 to 2019. Bruce then filed a final accounting for all the years and requested court approval for the trustee's accounts and final distribution. The sisters filed objections, particularly to the payment from the trust of the appellate attorney's fees from the 2016 failed appeal.

Ultimately, the issues regarding the accountings and objections to the appellate attorney's fees were tried before the probate court. The trial covered both the attorney's fees as well as other issues of alleged mismanagement by Bruce as trustee. The trial court entered a detailed final judgment which granted Bruce's petition for approval of the final accounting and distribution. In the final judgment, the court denied the sister's objections to the appellate attorney's fees and the fees incurred in litigating the petition for final accounting and distribution.

As to the appellate attorney's fees, the court reviewed the "math" of what would have occurred had Bruce won the appeal, noting that "at the end of the day he would have benefitted," and the sisters' trust shares would have decreased as a result. Nevertheless, the court explained the "prevailing party" provision of the settlement agreement was meant to lessen the litigation between the sisters and Bruce to preserve the assets of the trust for all beneficiaries.

> So, while Bruce's pursuit of the appeal indeed would have ultimately benefitted him financially had he prevailed, it also was an appeal pursued in good faith in order to enforce the "prevailing party" provision and its intended purpose; *i.e.*, to quell trust expense associated with litigiousness, which ultimately benefits the trust.

Thus, the court allowed the fees and costs associated with the appeal to remain charged against trust assets. The sisters then filed this appeal.

The sisters make two arguments on appeal. First, they contend this court's order denying fees pursuant to Bruce's motion for appellate

attorney's fees was res judicata of the issue, and the court erred in allowing fees to be paid out of the trust assets. Second, they argue that the court abused its discretion in determining that the appeal, and thus the fees, was for the benefit of the trust. While res judicata does not apply, we conclude that the court abused its discretion in determining that the fees were incurred to benefit the trust.

As we review the order in the underlying proceeding to the appeal as well as the original appeal itself, it is apparent that the trial court did not award prevailing party fees pursuant to the settlement agreement in the case but awarded the fees to be assessed equally against each share of the trust pursuant to section 736.1005. On appeal, Bruce argued that the settlement agreement's prevailing party provision applied. Our affirmance of the trial court's order necessarily agreed with the trial court that the prevailing party provision did not apply to the litigation over accountings filed after the settlement agreement. Accountings after the agreement were expressly excluded from the terms of the settlement. To the extent that appellate attorney's fees were sought pursuant to the settlement agreement, the affirmance necessarily required denial of the fees on appeal.

Bruce also requested attorney's fees on appeal pursuant to section 736.1005. We do not have jurisdiction to award fees against the trust pursuant to that provision. In *Garvey v. Garvey*, 219 So. 2d 685 (Fla. 1969), the supreme court considered whether an earlier version of Florida Rule of Appellate Procedure 9.400, authorizing the award of appellate attorney's fees on motion, superseded a probate statute which left to the probate court the discretion to award fees against the estate. The court held that the probate court had the exclusive jurisdiction pursuant to the statute to award fees against the estate. *Id.* at 686. *See also In re Estate of Udell*, 501 So. 2d 1286, 1288 (Fla. 4th DCA 1986). While *Garvey* dealt with a probate statute, it is similar to the trust statute. Thus, res judicata does not apply to the payment of appellate fees from the trust, because this court did not have jurisdiction to assess those fees against the trust.

The sisters also claim that the probate court's order authorizing fees was an abuse of discretion, because the appeal was for the sole benefit of Bruce. We review an order on fees for an abuse of discretion. *In re Guardianship of Bloom*, 295 So. 3d 1255, 1259 (Fla. 2d DCA 2020).

Section 736.0816(20), Florida Statutes (2019), empowers a trustee to employ attorneys to advise or assist the trustee in the performance of its administrative duties. This includes the power to defend the trust property in a judicial proceeding. The section grants the trustee the power to

"[p]rosecute or defend, including appeals, an action, claim, or judicial proceeding in any jurisdiction to protect trust property or the trustee in the performance of the trustee's duties." § 736.0816(23), Fla. Stat. (2019).

A trustee's powers, however, are constrained by a duty of loyalty. Section 736.0802(1), Florida Statutes (2019), provides that "[a]s between a trustee and the beneficiaries, a trustee shall administer the trust solely in the interests of the beneficiaries." While a trustee may pay from the trust costs and attorney's fees incurred in any proceeding the beneficiaries may contest those fees and costs. *See* § 736.0802(10), Fla. Stat (2019). "A trustee has the burden of proving the necessity of all expenses incurred by him or her, including attorneys' fees." *In re Guardianship of Bloom*, 295 So. 3d at 1259 (quoting *Ortmann v. Bell*, 100 So. 3d 38, 46 (Fla. 2d DCA 2011)). "When a trustee seeks to charge a trust corpus with an expense incurred by him, including attorney fees, the burden of proof is upon the trustee to demonstrate that the expense was reasonably necessary and that such expense was incurred for the benefit of the trust, and *not for his own benefit* nor the benefit of others." *Barnett v. Barnett*, 340 So. 2d 548, 550 (Fla. 1st DCA 1976) (emphasis added); *accord Ortmann*.

Because the probate court found that the appeal would have benefited Bruce and not the sisters had it been successful, the court should have disallowed the payment as an expense of the trust. Bruce was not acting for the benefit of the trust or the beneficiaries, other than himself. He violated the duty of loyalty.

The court's alternative explanation for allowing the fees against the trust was also not proved by the trustee. While the court thought that the trustee in good faith sought to enforce the prevailing party attorney's fees provision of the settlement agreement to deter future litigation, the agreement expressly excluded any release as to those matters from its terms. Therefore, the prevailing party provision was not applicable to the original petition objecting to accountings filed after the settlement agreement or to future objection issues with respect to the termination of the trust. It could not serve as a reason in good faith to pursue the application of the attorney's fee provision in the agreement.

As to the attorney's fees incurred by Bruce in defending his accountings and final distribution against the sisters' objections, we affirm. A significant part of the litigation involved disputes over Bruce's compensation, issues unrelated to the attorney's fees allowance from the prior appeal. The court found that Bruce had not committed any acts of mismanagement of the trust. He was entitled to charge the trust for the attorney's fees and costs in defending his actions as trustee. §

736.0816(23), Fla. Stat. (2019); *Covenant Tr. Co. v. Guardianship of Ihrman*, 45 So. 3d 499 (Fla. 4th DCA 2010).

As their last issue on appeal, the sisters challenge the final distribution of assets, but that issue is not properly before the court. The trustee presented his final accounting and distribution of assets, and the sisters did not file an objection. They only appealed the final judgment rendered earlier.

For these reasons, we reverse the court's order allowing the appellate attorney's fees to be assessed against the trust and remand for the court to assess those fees against Bruce's portion of the trust. We affirm as to the assessment of the fees for defending against the sisters' objections to the trustee's commission and expenses.

*Affirmed in part, reversed in part, and remanded with instructions.*

GERBER, J., concurs.
ARTAU, J., concurs in part and dissents in part with opinion.

ARTAU, J., concurring in part and dissenting in part.

While I concur with the majority's affirmance of the probate court's approval as a trust expense of the trustee's attorney's fees incurred in defending against his sisters' objections to his accountings and final distribution, I dissent from the majority's reversal of the probate court's approval as a trust expense of his previously incurred appellate attorney's fees because I conclude that the probate court did not abuse its discretion.

The probate court found that the trustee took the previous appeal in "good faith" and to benefit the trust by preserving the trust corpus. The probate court's findings were based on substantial competent evidence including the probate court's assessment of the credibility of the brother's testimony regarding his actions as trustee and his good faith pursuit of the appeal. The sisters do not point to any evidence that demonstrates that the probate court's approval of the appellate attorney's fees as a trust expense was an abuse of discretion.

The majority concludes that the trustee's prior appeal of the denial of his claim for prevailing party attorney's fees pursuant to the settlement agreement could not have been pursued in good faith because the agreement was not applicable to the sisters' objections to the accountings filed after the settlement agreement. I agree.

6

However, the majority overlooks the fact that the prior appeal also challenged the denial of the trustee's alternative statutory claim for attorney's fees pursuant to sections 736.1004 and 736.1005, Florida Statutes, which grant discretion to a probate court to assess attorney's fees in "actions for breach of fiduciary duty or challenging the exercise of, or failure to exercise, a trustee's powers" against a party's interest in a trust if a party "unjustly caused an increase in the amount of attorney fees incurred by the trustee or another person in connection with the proceeding." *See* §§ 736.1004(1)(a), (2) & 736.1005 (2)(b)7., Fla. Stat. (2016).

Although the probate court did not include the alternative statutory claim for attorney's fees in its reasoning, "an appellate court, in considering whether to uphold or overturn a lower court's judgment, is not limited to consideration of the reasons given by the trial court but rather must affirm the judgment if it is legally correct regardless of those reasons[.]" *See Dade Cnty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 644-45 (Fla. 1999) (explaining the "tipsy coachman" rule) (citing *Applegate v. Barnett Bank*, 377 So. 2d 1150, 1152 (Fla. 1979) ("The written final judgment by the trial court could well be wrong in its reasoning, but the decision of the trial court is primarily what matters, not the reasoning used. Even when based on erroneous reasoning, a conclusion or decision of a trial court will generally be affirmed if the evidence or an alternative theory supports it.")).

In family trust matters, it is not uncommon for a trustee to also be a beneficiary. In those circumstances, many reasonable actions taken by a trustee may have the dual effect of also benefiting the trustee's share as a beneficiary. Had the unsuccessful petition been brought by only one of the sisters against the trustee causing the trust corpus to incur an unjust increase in attorney's fees, with its concomitant adverse effect on the other sister and the trustee, we would be hard-pressed to conclude that a probate court abused its discretion in approving the trust's expenditure to pursue those statutory fees against the unsuccessful sister simply because the trustee's beneficial share would benefit from prevailing on the fee claim. Otherwise, trustees who are also beneficiaries would never be able to avail themselves of the statute authorizing an attorney's fee award as a means of preserving a trust corpus against the litigiousness of a party who "unjustly cause[s] an increase in the amount of attorney fees" incurred by a trust, even though the statute itself does not exclude trustees with beneficial interests from seeking such a fee award to preserve a trust corpus.

Every action taken by a trustee to preserve a trust corpus has the potential to benefit the ultimate shares of a trust. Thus, we should not presume the absence of good faith in determining whether the probate court abused its discretion simply because the trustee also has a beneficial interest that necessarily benefits from any preservation of the trust corpus.

Accordingly, I respectfully dissent because in my view it was well within the probate court's discretion to determine that the trustee had a justifiable basis for incurring the appellate fees. It was not unreasonable for the probate court to determine that the trustee had pursued the appeal in a good faith effort to preserve the trust corpus by having the fees incurred in defending against the sisters' unsuccessful objections to the accountings assessed only against the sisters and not the trust, even if the trustee's beneficial interest in the trust would have been enhanced by the ultimate success of that appeal. *See Canakaris v. Canakaris*, 382 So. 2d 1197, 1203 (Fla. 1980) ("In reviewing a true discretionary act, the appellate court must fully recognize the superior vantage point of the trial judge and should apply the 'reasonableness' test to determine whether the trial judge abused his [or her] discretion."); *see also* § 736.0802(10)(b), Fla. Stat. (2016) ("If a trustee incurs attorney fees or costs in connection with a claim or defense of breach of trust which is made in a filed pleading, the trustee may pay such attorney fees or costs from trust assets[.]").

* * *

***Not final until disposition of timely filed motion for rehearing.***